Filed 6/19/14  P. v. Ruiz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ALEX RUIZ,<br><br>　　　Defendant and Appellant. | D064307<br><br><br>(Super. Ct. No. SCD236979) |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Joshua H. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Julie L. Garland, Assistant Attorneys General, A. Natasha Cortina, Kristen Kinnaird Chenelia, Deputy Attorneys General for Plaintiff and Respondent.

Appellant Alex Ruiz contends the trial court erred when it sentenced him to eight years in prison—instead of seven years as agreed upon earlier—after he failed to appear at his sentencing hearing, thus violating his negotiated plea agreement, which included a waiver of certain rights under *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*). Ruiz contends that notwithstanding his violation of his *Cruz* waiver, he should have been sentenced to at most seven years eight months because the Legislature has specified a maximum term of eight months for failure to appear. Claiming the court's sentence was unauthorized by law, he requests that we reduce his sentence by four months. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2011, the People charged Alex Ruiz with conspiracy to commit robbery (Pen. Code,[1] § 182, subd. (a)(1); count 1); robbery (§ 211; counts 2, 4-7, 9) and attempted robbery (§§ 211, 664; counts 3, 8). The People alleged that as to count 2, Ruiz was vicariously liable for use of a firearm (§ 12022, subd. (a)(1)); and as to count 8, he personally used a knife (§ 12022, subd. (b)(1)). Finally, it was alleged that he had suffered two prior prison convictions. (§§ 667.5, subd. (b), 668.)

In August 2012, Ruiz pleaded guilty to counts 2 through 9, and in exchange, the People dismissed count 1 and the enhancement allegations. The court informed Ruiz before taking his plea: "You have eight strike convictions, you could be sentenced to 25

---

[1]     All statutory references are to the Penal Code unless otherwise stated.

years to life as a result of pleading guilty to counts two through nine. You understand this is a consequence of this plea? Ruiz stated, "Yes." Thereafter the court took Ruiz's plea of guilty to each of the charges in counts 2 through 9. The parties stipulated to a seven-year prison sentence. Ruiz initialed a *Cruz* waiver stating: "I understand that if pending sentencing I am arrested for or commit another crime, violate any condition of my release, or willfully fail to appear for my probation interview or my sentencing hearing, the sentence portion of this agreement will be cancelled. I will be sentenced unconditionally, and I will not be allowed to withdraw my guilty/no contest plea(s)." Additionally, the court told Ruiz at the hearing: "Let me remind you this is a stipulated negotiated plea agreement of seven years. You signed a *Cruz* waiver, sir, which basically says that you understand pending sentencing if you are arrested for any other crime, violate any condition of your release or willfully fail to appear to your probation interview or sentencing hearing, the sentence portion of this agreement will be cancelled. That means all bets are off and you're looking at 11 years, four months, all right?"

On November 7, 2012, after Ruiz failed to appear for sentencing, the court issued a bench warrant. On July 18, 2013, the court found Ruiz had violated the *Cruz* waiver and sentenced him to eight years in prison.[2]

---

2    Defense counsel had argued for a sentence of seven years eight months. However, the People argued for a sentence of 10 years: "Your honor, after numerous negotiations, we got to seven years on a case where the defendant and his codefendants were basically going around Hillcrest and Pacific Beach area[s] targeting people that were leaving night clubs and committing street robberies involving knifes; one involved a gun. [¶] And, when the defendants were found that night, they were found in Pacific Beach basically on the hunt for more victims. So the seven years, that was something that was negotiated

DISCUSSION

I.

In supplemental briefing, the People characterize Ruiz's appellate claim as an attack on the validity of the plea agreement, and argue his claim is not cognizable because he failed to obtain a certificate of probable cause. We reject the contention. Ruiz states that he is not seeking to withdraw his plea. Rather, his appellate claim is limited to "what punishment for failing to appear is authorized by law, and what punishment crosses the line and is unauthorized by law."

We conclude Ruiz did not require a certificate of probable cause before filing this appeal because he " 'is not attempting to challenge the validity of his plea of guilty but is asserting only that errors occurred in the subsequent adversary hearing[] conducted by the trial court for the purpose of determining . . . the penalty to be imposed.' " (*People v. Johnson* (2009) 47 Cal.4th 668, 677; compare *People v. Puente* (2008) 165 Cal.App.4th 1143, 1149-1151 [defendant claimed on appeal that the trial court had failed to follow certain procedures related to his violating his plea agreement, but through plea agreement

---

and reluctantly agreed to by the People. It was understood that Mr. Ruiz at that time would show up for the sentencing hearing and start basically paying the piper. He did not do that. [¶] He not only didn't show for the sentencing hearing, but he had to be picked up on a warrant months later. It was not like he just missed a date with his fiancee and then showed up and came and put himself on calendar and turned himself in. He was the only one of three codefendants not to be sentenced yet because he was the one out of custody. [¶] . . . [¶] Mr. Ruiz, having signed a *Cruz* waiver, was told by this court that he has to be here on his sentencing date, and he decided not to show up and ends up getting picked up months later. He is out there enjoying [his] freedom that he should not have had at that point."

4

he had waived the right to those procedures, thus defendant was attacking validity of plea agreement and a certificate of probable cause was required].)

II.

Ruiz concedes the People never charged him with willful failure to appear under section 1320.5.[3]  Therefore, he was not convicted under that section nor did he plead guilty to violating that section.  Nevertheless, relying on section 1320.5, he contends that after he violated the *Cruz* waiver, he should have been sentenced to only an additional eight months beyond the agreed-upon seven years.  It follows that Ruiz's arguments regarding section 1320.5 are unavailing because that statute is inapplicable here.  Ruiz's claim of sentencing error lacks merit.

A.  *Applicable Law*

Courts "often have noted that plea agreements are a recognized procedure under our judicial system [citations] and a desirable and essential component of the administration of justice.  [Citations.]  Commentators are in accord, noting that '[b]oth the state and the defendant benefit from plea bargains, the defendant by lessened punishment,

_____

3      Section 1320.5 provides:  "Every person who is charged with or convicted of the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony.  Upon a conviction under this section, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000) or by imprisonment pursuant to subdivision (h) of Section 1170, or in the county jail for not more than one year, or by both the fine and imprisonment.  Willful failure to appear within 14 days of the date assigned for appearance may be found to have been for the purpose of evading the process of the court."  In turn, section 1170, subdivision (h) sets the middle term for a felony punishable under its provision as two years.  Under section 1170.1, subdivision (a), the term for a violation of section 1320.5 would be one-third the middle term, or eight months.

5

the state by savings in cost of trial, increased efficiency, and flexibility of the criminal process.' [Citation.] Additionally, the enactment of sections 1192.3 and 1192.5, governing plea agreements, reflects the Legislature's approval of the practice. [¶] Under section 1192.5, if a plea agreement is accepted by the prosecution and approved by the court, the defendant 'cannot be sentenced on the plea to a punishment more severe than that specified in the plea . . . .' The statute further provides that if the court subsequently withdraws its approval of the plea agreement, 'the defendant shall be permitted to withdraw his or her plea if he or she desires to do so.' [Citations.] [¶] *In People v. Cruz, supra*, 44 Cal.3d 1247, 1249, [the California Supreme Court] held that a defendant who fails to appear for sentencing does not lose the protections of section 1192.5. The defendant in that case pleaded guilty pursuant to a plea agreement that gave him the option of a sentence of up to one year in the county jail with a maximum of five years' probation or 16 months in prison without probation. The defendant failed to appear for sentencing. When he was apprehended more than six months later, the superior court refused to abide by the plea agreement, denied the defendant's motion to withdraw his plea, and sentenced him to a term of two years in prison. The Court of Appeal affirmed the resulting judgment, concluding that by failing to appear for sentencing, the defendant ' "breached the bargain . . . [and] is not entitled to either specific enforcement of that bargain or withdrawal of his guilty plea." ' " (*People v. Masloski* (2001) 25 Cal.4th 1212, 1216-1217, fn. omitted.)

The *Cruz* Court added the following caveat, which recognized the ability of a defendant to waive the protections afforded by section 1192.5: "We do not mean to

6

imply by this holding that a defendant fully advised of his or her rights under section 1192.5 may not expressly waive those rights, such that if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term. Any such waiver, of course, would have to be obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent." (*Cruz*, *supra*, 44 Cal.3d at p. 1254, fn. 5.)

"[W]hen the parties themselves agree as part of the plea bargain to a specific sanction for nonappearance, the court need not permit the defendant to withdraw his or her plea but may invoke the bargained-for sanction." (*People v. Casillas* (1997) 60 Cal.App.4th 445, 452.) "The ultimate question will be not whether the bargain occurred in a hermetically sealed environment from which the judge was excluded, but whether the return provision resulted from the give-and-take of plea bargaining or was a judicially imposed afterthought." (*Id*. at p. 452, fn. omitted.)

Ruiz does not ask to withdraw his plea; rather, he seeks to be freed from the legally binding effect of his *Cruz* waiver, which granted the court discretion to sentence him up to the agreed-upon limit. Ruiz seeks a fixed term of eight months added to the original agreement, because the Legislature has provided an eight-month term for those who are not bound by a *Cruz* waiver. That option is not available to Ruiz. After he accepted the court's indicated sentence and before he entered a plea, the court explained what the "*Cruz* waiver" meant. Ruiz agreed to this additional term, and the court subsequently took his plea. Thus, the *Cruz* waiver was added by the mutual agreement of Ruiz and the prosecutor. It was part of a "give and take plea bargaining," and not "a

7

judicially imposed afterthought."  Accordingly, the trial court was not bound by the seven-year agreed-upon term, and it was free to sentence Ruiz to any term within the ceiling of 11 years 4 months.  The sentence of eight years was within this ceiling, and the court did not err by imposing it.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.