Filed 6/14/21  P. v. Blair CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>WAYNE EUGENE BLAIR,<br><br>    Defendant and Appellant. | F081269<br><br>(Madera Super. Ct.<br>No. MCR061614)<br><br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Madera County.  Dale J. Blea, James LaPorte, and Michael J. Jurkovich, Judges.†

Paul Kleven, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\* Before Hill, P.J., Levy, J. and Detjen, J.

† Judge Blea presided over the bail review hearing and probation report and judgment hearing; Judge LaPorte presided over the probation report and review hearing; and Judge Jurkovich presided over the sentencing hearing.

## INTRODUCTION

Appellant and defendant Wayne Eugene Blair pleaded guilty to receiving stolen property and was sentenced to three years in prison. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

Around 1:45 p.m. on January 6, 2019, Deputy King of the Madera County Sheriff's Department responded to a dispatch about a theft at a winery on Avenue 16; he met with Steve Schafer. Mr. Schafer stated that a break in had occurred on the property, but he did not know when it occurred or whether any items were stolen. Mr. Schafer said he would contact someone who was more knowledgeable about what was on the property and forward the surveillance video to King.

On the following day, Mr. Schafer informed Deputy King that two Kawasaki Mules (open cab utility vehicles) were stolen, and the theft occurred between 10:00 a.m. and 12:00 p.m. on January 6. King received and reviewed the surveillance video, and it showed a black Dodge Durango towing a red dual-axle flatbed trailer; the vehicle's license plate number was visible on the video. King sent out a dispatch with the vehicle's description.

Within 20 minutes of the dispatch, deputies conducted a traffic stop of a Dodge Durango that matched the description and license plate. Deputy Stritzel went to defendant's house and found a red dual-axle flatbed trailer parked in the driveway. Deputy King also went to defendant's house, confirmed the trailer matched the one on the video, and observed a covered object on the trailer that appeared to have wheels and was shaped like an ATV.

---

[1] The facts are from the police reports, as summarized in the probation report.

Defendant was taken to the sheriff's department and advised of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436; he agreed to answer questions. Deputy King asked defendant what he was doing on January 6, 2019. Defendant said he was " 'laid up all day' at home." King asked if he bought "the Kawasaki [M]ule that was located in his driveway." Defendant said it belonged to a friend, and he was working on it for him. King advised defendant that the vehicle was stolen from a winery, there were cameras on the property, and "the paper mask he wore did not help him out too much." Defendant replied, " 'Well, I guess I'll just go to jail then.' " King said okay, and defendant replied, " 'Come on, you know I ain't gonna tell you shit!' " King asked defendant if he would rather go to jail. Defendant said he did not want to go jail but knew that he would. Defendant was arrested.

## PROCEDURAL BACKGROUND

On January 9, 2019, a felony complaint was filed in the Superior Court of Madera County charging defendant with counts 1 and 2, unlawfully taking two vehicles without consent with intent to permanently deprive the owner of title and/or possession (Veh. Code, § 10851, subd. (a)).

### Plea and *Cruz* waiver

On September 10, 2019, the court granted the prosecutor's motion to amend the information to add count 3, felony receiving stolen property, a vehicle (Pen. Code, § 496d, subd. (a)).

Thereafter, defendant pleaded guilty to count 3, for a maximum term of 16 months in prison, and dismissal of the other charges in this complaint and unrelated cases. The parties stipulated to the crime reports from the sheriff's department as the factual basis.

The court advised of and defendant entered waivers pursuant to *People v. Harvey* (1979) 25 Cal.3d 754,[2] and *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).[3] As to the *Cruz* waiver, the court stated:

> "Under a *Cruz* waiver, you would be released from custody today. You would be released on your own recognizance. You would have instructions to report to the probation department on a particular day, and you would be ordered to return to court on a specific date. If you failed to report to the probation department as ordered or for any scheduled appointment with probation or you failed to return to court at any time before sentencing, then your plea would become an open plea. What that means is you could be sentenced up to 3 years in custody and fined up to $10,000, and you wouldn't be given the opportunity to withdraw your plea. Do you understand that?"

Defendant said he understood and agreed to the *Cruz* waiver.

The court ordered defendant's release on his own recognizance. Defendant was further ordered to appear at the probation department within one day after his release from custody and also appear at the next court hearing on October 8, 2019.

**Failures to appear**

On September 18, 2019, defendant failed to appear at the probation department as directed. On September 24, 2019, the probation department advised the court about defendant's failure to appear, and that it had no subsequent contact with him.

On October 8, 2019, defendant appeared in court as ordered. The court again referred defendant to the probation department and ordered him to return to court on November 6, 2019.

---

[2] "A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted. [Citation.]" (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.)

[3] As we will discuss below, "[a] '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing. [Citation.]" (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.)

4.

On October 22, 2019, the probation department informed the court that defendant never appeared as directed for any appointments.

On November 6, 2019, defendant failed to appear in court as ordered. The court noted defendant's *Cruz* waiver and issued a bench warrant.

On February 25, 2020, defendant was returned to custody and appeared in court. The court referred him to the probation department for a report and recommendation, and defendant remained in custody.

**<u>Sentencing</u>**

On April 30, 2020, the court conducted the sentencing hearing. The court asked defense counsel if he contested the finding that defendant violated the terms of the *Cruz* waiver release, and counsel said no. Counsel requested the court impose a split sentence with mandatory supervision for the three-year term.

The court found defendant was presumptively ineligible for probation and there were no unusual circumstances. The court also found that defendant was not a good candidate for a split sentence or mandatory supervision because he had eight prior probation violations, and adopted the probation report's findings to deny a split sentence based on defendant's " 'ongoing criminality, poor prior performance on supervision, and his prior record of criminality,… and there's no indication he is willing or able to comply with another grant of supervision.' "

The court sentenced defendant to the upper term of three years for count 3, receiving stolen property, and imposed various fines and fees. The court granted the prosecutor's motion and dismissed the remaining counts, along with two unrelated misdemeanor cases.

On June 4, 2020, defendant filed in pro. per. a timely notice of appeal and requested a certificate of probable cause, based on the court's alleged violation of the plea agreement because it imposed a three-year term instead of the agreed upon sentence of 16 months. The court did not rule on the request for a certificate of probable cause.

## DISCUSSION

While the court did not respond to defendant's request for a certificate of probable cause, we note that his claim of error is meritless. At the plea hearing, defendant entered a *Cruz* waiver. *Cruz* held that a defendant may waive the right to withdraw his guilty plea if he is "fully advised" of that right. (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5.) If a defendant is fully advised of his rights, "the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term[]" if the defendant violates a condition of his plea. (*Ibid.*) A *Cruz* waiver must be "obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent." (*Ibid.*)

Once a defendant agrees to a *Cruz* waiver, he is no longer permitted to withdraw the plea if the court decides to impose a greater sentence than the bargained-for term after the defendant fails to appear for sentencing. (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5; see also *People v. Masloski* (2001) 25 Cal.4th 1212, 1214, 1223.) A *Cruz* waiver thus "gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing. [Citation.]" (*People v. Puente, supra,* 165 Cal.App.4th at p. 1146, fn. 3.)

When defendant entered the *Cruz* waiver, the court advised him that the plea agreement for 16 months would no longer be applicable if he failed to appear as ordered for either court hearings or probation appointments. Defendant failed to appear for several appointments and hearings, a bench warrant was issued, and he was taken into custody. The court was thus no longer bound by the plea agreement for 16 months.

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on November 2, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

6.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The judgment is affirmed.