[No. E043466. Fourth Dist., Div. Two. July 28, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANCIS JOSEPH PUENTE, Defendant and Appellant.

**COUNSEL**

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Andrew Mestman and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**McKINSTER, J.**—Pursuant to a plea bargain, defendant pled guilty to one count of burglary. (Pen. Code, § 459.)[1] Defendant admitted suffering a prior strike conviction. (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d).) The court sentenced defendant to state prison for a term of six years, but stayed execution of the sentence pursuant to a *Vargas* waiver,[2] which will be explained, *post*. Defendant failed to appear for sentencing. On June 8, 2007, the court executed the six-year sentence. Defendant contends (1) the court erred by not granting him the custody credits negotiated as part of his plea bargain; and (2) the trial court violated defendant's rights to due process by (a) not notifying defendant that he allegedly violated the terms of the *Vargas* waiver, and (b) not specifying a reason why defendant was found in violation of the *Vargas* waiver. Defendant did not obtain a certificate of probable cause.

---

[1] All further references to code sections will be the Penal Code unless otherwise indicated.

[2] The term "*Vargas* waiver" is derived from the case of *People v. Vargas* (1990) 223 Cal.App.3d 1107, 1113 [273 Cal.Rptr. 48] (*Vargas*), where the defendant agreed in a plea bargain to be sentenced to a two-year term if he appeared for sentencing and a five-year term if he failed to appear for sentencing. The defendant failed to appear for sentencing and the court sentenced the defendant to a five-year term, which the appellate court deemed proper. (*Id.* at pp. 1113–1114.)

(§ 1237.5; Cal. Rules of Court, rule 8.304(b).) As to defendant's first contention, we affirm the judgment. As to defendant's second contention, we dismiss for failure to obtain a certificate of probable cause.

### FACTS

As part of defendant's plea bargain, the district attorney and defendant agreed that defendant would be sentenced pursuant to a *Vargas* waiver. The arrangements of defendant's *Vargas* waiver were as follows: On the day of the guilty plea, the trial court would sentence defendant to a term of three years in state prison for second degree burglary (§ 459), which would be doubled to a term of six years due to defendant's prior strike conviction. The court would then stay execution of that sentence and defendant would be released. If defendant complied with the conditions set forth in paragraphs 16a through 16f of his plea bargain, which are the terms of his *Cruz* waiver,[3] then the district attorney would dismiss the prior strike allegation and charge defendant with suffering a prior conviction for which he served a prison term (§ 667.5, subd. (b)), which would reduce defendant's prison term from six years to four years. Additionally, if defendant did not violate the terms of his *Cruz* waiver, then he would be given credit for the time he spent in federal custody.

For reference, we set forth the exact language of defendant's *Cruz* and *Vargas* waivers, which are paragraphs 16 and 17 of defendant's plea bargain:

"16. [Defendant initialed a box next to this paragraph.[4]] Cruz Waiver (if applicable)[.] I understand I have an absolute right under California law to withdraw my plea if the court, for any reason, does not follow the plea bargain agreement. I also understand that I cannot receive any additional penalty or punishment for any subsequent failure to appear or any new offense unless I am properly charged and convicted of such an offense. I understand and agree as part of this plea bargain agreement to be released upon my own recognizance and to waive these rights, and as a condition of my release, I will:

"a. ['X' in the box next to this paragraph.] Report to the probation department as ordered by the court.

---

[3] A "*Cruz* waiver" gives a trial court the power to "withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term," if the defendant willfully fails to appear for sentencing. (*People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 [246 Cal.Rptr. 1, 752 P.2d 439] (*Cruz*).)

[4] There was an "X" in the box next to every plea bargain provision that did *not* apply (¶¶ 16a, 16b & 16f) and, defendant wrote his initials in the box next to every provision that *did* apply (¶¶ 16, 16c–16e & 16g).

"b. ['X' in the box next to this paragraph.] Keep any appointment(s) set by the probation department.

"c. [Defendant initialed the box next to this paragraph.] Appear in court for sentencing, or any other date set by the court.

"d. [Defendant initialed the box next to this paragraph.] Not violate any law (excluding infractions) between today and the date of sentencing.

"e. [Defendant initialed the box next to this paragraph.] Submit to Bravo search terms.

"f. ['X' in the box next to this paragraph. This paragraph is left blank for miscellaneous terms. No conditions were handwritten into this subsection.]

"g. [Defendant initialed the box next to this paragraph.] If I violate any of the above conditions in paragraph[s] 16a–16f, I then agree the court will no longer be bound by this plea bargain and I would not have any right to withdraw my plea. I further understand and agree that any willful violation of these terms will be decided by the sentencing judge without a jury and by a preponderance of the evidence. I further understand and agree, that if the court finds any willful violation of these terms, the court will be free to impose any greater sentence than expressly stated in this agreement, up to the maximum penalty for each offense and enhancement to which I am pleading guilty/no contest or admitting, and I will not have any right to withdraw my plea.

"17. [Defendant initialed the box next to this paragraph.] *Vargas Waiver* (if applicable)[.] I understand that I am being sentenced today pursuant to the initial terms stated in paragraph 9 [which is a six-year sentence]. If I comply with the conditions set forth in numbers 16a, 16b, 16c, 16d, 16e and 16f, and any other terms as ordered, the court will resentence me pursuant to the remainder of the terms described in paragraph 9."

Paragraph 9 provided: "Plead guilty to count 1, admit prior strike, strike all other counts/allegations 3 years state prison x 2 for total sentence of 6 years state prison[.] VARGAS WAIVER[.] If defendant returns to court on 9-12-05 he will be resentenced to 3 years on count 1, admit 1 prior prison term ([§ ]667.5[, subd.] (b)), dismiss all other counts and allegations including prior strike. If defendant returns to court on 9-12-05 he will also receive credit for all time served in Federal custody from 3-4-04. Actual restitution is a term on BOTH sentences."

On the same day defendant entered his guilty plea, the trial court sentenced defendant to a term of six years in state prison and stayed execution of the sentence. On September 12, 2005, defendant did not appear in court and a bench warrant was issued. We observe from motions filed in this case in May 2007 and defendant's probation report that defendant failed to appear in September 2005 due to being incarcerated in Los Angeles County for a Health and Safety Code violation. On June 8, 2007, defendant appeared in court for a sentencing hearing in the instant case. The court executed the six-year state prison sentence, which had been previously stayed. The trial court did not state on the record that it found defendant violated the terms of his *Cruz* waiver.

## DISCUSSION

### 1.

### CUSTODY CREDITS

Defendant contends the trial court erred by not granting him the custody credits that were included as a term of his plea bargain. Defendant argues that there was no indication in the plea bargain that he would not be awarded custody credits if he violated a term of his *Cruz* waiver. We disagree.

■ "A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs. [Citation.]' " (*People v. Shelton* (2006) 37 Cal.4th 759, 767 [37 Cal.Rptr.3d 354, 125 P.3d 290] (*Shelton*).)

The language of the plea bargain provides: "If defendant returns to court on 9-12-05 he will also receive credit for all time served in Federal custody from 3-4-04." We find no ambiguity in the language of the plea bargain. The granting of custody credits was dependent on defendant appearing in court on September 12, 2005. Defendant failed to appear for sentencing on September 12, 2005. When the court executed the six-year sentence, the court did not

grant defendant the bargained-for custody credits. We find no error, because the court followed the clear and explicit language of defendant's plea bargain.

## 2.

## DUE PROCESS

### Certificate of Probable Cause

Defendant contends the trial court violated his rights to due process by (1) not providing defendant with notice that he allegedly violated the terms of his *Vargas* waiver; and (2) not stating a reason why defendant was found in violation of his *Vargas* waiver. In his "statement of appealability," defendant contends a certificate of probable cause is not necessary for this appeal, because he "challenges only the lower court's sentencing decision and makes no attack upon his plea of guilty." In defendant's supplemental opening brief, he expands upon his contention that a certificate of probable cause is not necessary to raise this issue on appeal.[5] We disagree, and dismiss this contention due to defendant's failure to obtain a certificate of probable cause.

■ "A defendant who has pleaded guilty or nolo contendere to a charge in the superior court, and who seeks to take an appeal from a judgment of conviction entered thereon" must fully comply with section 1237.5 and rule 8.304(b) of the California Rules of Court, which require that the defendant secure a certificate of probable cause in order to challenge the validity of the plea. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1088 [81 Cal.Rptr.2d 301, 969 P.2d 146].) In the absence of full compliance and a certificate of probable cause, the reviewing court may not reach the merits of any issue challenging the validity of the plea, but must order dismissal of the appeal. (*Id.* at p. 1099.) Our Supreme Court has expressly disapproved the practice of applying the rule loosely in order to reach issues that would otherwise be precluded. (*Id.* at pp. 1098–1099.)

"The issue here of course is whether defendant's claims pertain to issues that arose after the entry of his plea." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 651 [55 Cal.Rptr.3d 837].) In raising a due process argument, defendant is not appealing his sentence, rather he is challenging the procedure by which the trial court found him in violation of the terms of his *Cruz* waiver. In paragraph 16 of defendant's plea bargain, defendant

---

[5] After receiving our first tentative opinion, defendant requested and was allowed to file a supplemental opening brief. Respondent was also allowed to file a supplemental opening brief.

expressly acknowledged that he had the right not to "receive any additional penalty or punishment for any subsequent failure to appear or any new offense unless [he was] properly charged and convicted of such an offense"; defendant expressly waived that right in the same paragraph.

■ The waiver of defendant's right to be properly charged and convicted with "any subsequent failure to appear" is an explicit and integral part of defendant's plea. Defendant's contention that a petition should have been filed giving him notice of his alleged failure to appear is a direct challenge to the validity of the terms of defendant's plea, because he waived his right to be charged; therefore such a challenge requires a certificate of probable cause. Due to defendant's failure to obtain a certificate of probable cause, this contention must be dismissed.[6]

Defendant's second argument—that his due process rights were violated because the trial court did not provide a reason why he was found in violation of the terms of his *Cruz* waiver—also requires a certificate of probable cause in order to be reviewed on appeal. As noted *ante*, an explicit term of defendant's plea bargain was a forfeiture of his rights to be "properly charged and convicted" of a violation of the terms of his *Cruz* waiver. Defendant is essentially contending that the trial court followed improper procedures when it found he violated the terms of the *Cruz* waiver. Defendant's challenge to the process by which the court found him in violation of the terms of his *Cruz* waiver is a direct challenge to the validity of his waiver of his rights to be properly charged and convicted. Accordingly, defendant is challenging the validity of his plea and such a challenge requires a certificate of probable cause. Due to defendant's failure to obtain a certificate of probable cause, this portion of his appeal must be dismissed.

In defendant's supplemental opening brief, he contends that we have given too broad an interpretation to defendant's waiver of his right to be properly charged and convicted of a subsequent failure to appear or new offense. Defendant argues that his waiver means he "could be adjudicated to be in violation of the terms of the present plea for having committed another offense without the pre-condition that he be charged and convicted of that crime in a separate proceeding." Defendant argues that he did not waive any

---

[6] In *People v. Carr* (2006) 143 Cal.App.4th 786, 789–793 [49 Cal.Rptr.3d 548] (*Carr*), this court reached the merits of a contention that is nearly identical to the argument raised by defendant, despite the defendant in *Carr* not obtaining a certificate of probable cause. In *Carr*, when discussing the defendant's due process argument, no mention was made of the defendant's failure to obtain a certificate of probable cause. (*Ibid.*) Because this issue was not raised nor discussed in *Carr*, we conclude that our opinion in this case is not a departure from our holding in *Carr.*

rights concerning the manner in which the court would determine whether he violated the terms of his *Cruz* waiver. We disagree with defendant's interpretation of the waiver.

The text of the waiver is as follows: "I . . . understand that I cannot receive any additional penalty or punishment for any subsequent failure to appear or any new offense unless I am properly charged and convicted of such an offense. I understand and agree as part of this plea bargain agreement to be released upon my own recognizance and to waive these rights . . . ."

In the paragraph following this waiver, defendant agreed "that any willful violation of [the terms of the *Cruz* waiver] will be decided by the sentencing judge without a jury and by a preponderance of the evidence. [Defendant also] agree[d], that if the court finds any willful violation of these terms, the court will be free to impose any greater sentence than expressly stated in" the plea agreement. Essentially, defendant agreed that the sentencing judge in the current case had the authority to sentence him to a greater term than that agreed to in the plea bargain, if defendant violated the terms of his *Cruz* waiver by failing to appear or committing a new offense.

Simply put, defendant agreed that the trial court could sentence him to a greater prison term than that included in his plea bargain if he failed to appear or committed a new offense. Defendant then waived the right to not receive an additional punishment unless he was properly charged and convicted of a subsequent failure to appear or new offense. We interpret plea agreements so as " 'to give effect to the mutual intention of the parties.' " (*Shelton, supra,* 37 Cal.4th at p. 767.) Due to the foregoing paragraphs appearing next to one another in the agreement, under the heading "*Cruz* waiver," our plain reading of the plea agreement is that defendant agreed that he could be given a greater sentence than that agreed to in his plea bargain, without being properly notified and found in violation of the terms of his *Cruz* waiver. Accordingly, defendant's waiver of his right to not receive an additional penalty unless he was properly charged and convicted of a subsequent failure to appear or new offense was applicable to the current case.

To the extent it could be argued that such a waiver is not applicable in this case, because the court did not sentence defendant to a greater term than that

agreed to in the plea bargain, we disagree with such an argument. Defendant's waiver of his right to be properly "charged and convicted" of an alleged violation of his *Cruz* terms would extend to the current situation, where the court found defendant to be in violation of the *Cruz* terms but elected not to sentence defendant to a greater prison term. (See *People v. Berutko* (1969) 71 Cal.2d 84, 94 [77 Cal.Rptr. 217, 453 P.2d 721] [waiver of jury trial applied to all issues before the court].)

Also in his supplemental opening brief, defendant contends that he "is merely challenging the manner in which the trial court made its postplea determination of violations of the *Cruz* waiver," and therefore he does not need a certificate of probable cause because his challenge is merely to the postplea procedures employed by the sentencing court, not an attack on the terms of the plea. In support of his argument, defendant cites *People v. French* (2008) 43 Cal.4th 36 [73 Cal.Rptr.3d 605, 178 P.3d 1100] (*French*); *Shelton, supra,* 37 Cal.4th 759; *People v. Buttram* (2003) 30 Cal.4th 773 [134 Cal.Rptr.2d 571, 69 P.3d 420] (*Buttram*); and *People v. Panizzon* (1996) 13 Cal.4th 68 [51 Cal.Rptr.2d 851, 913 P.2d 1061] (*Panizzon*). We disagree with defendant's argument.

 *French, Shelton, Buttram,* and *Panizzon* set forth the rule that a certificate of probable cause is not required if a defendant is appealing "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*Buttram, supra,* 30 Cal.4th at p. 780; see also *French, supra,* 43 Cal.4th at p. 43; *Shelton, supra,* 37 Cal.4th at p. 766; and *Panizzon, supra,* 13 Cal.4th at p. 74.)

In the instant case, defendant was sentenced to a six-year prison term immediately following his plea. The court then stayed execution of the sentence. When defendant returned to court on June 8, 2007, after failing to appear at the 2005 sentencing hearing, the court executed the sentence that had been previously stayed. The court did not exercise any discretion or select a term other than that to which defendant had previously been sentenced. The court did not determine the degree of the crime nor the penalty to be imposed. Accordingly, we find defendant's argument unpersuasive.

## DISPOSITION

As to the portion of defendant's appeal related to custody credits, the judgment is affirmed. In regard to defendant's argument concerning due process, that portion of defendant's appeal is dismissed.

Hollenhorst, Acting P. J., and Richli, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 28, 2008, S166094. Kennard, J., was of the opinion that the petition should be granted.