Filed 3/23/22  P. v. McClain CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TONY RENAL MCCLAIN,<br><br>    Defendant and Appellant. | B312855<br><br>(Los Angeles County<br>Super. Ct. No. MA079934) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lisa M. Chung, Judge.  Reversed with direction.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Zee Rodriguez and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Tony McClain entered into a negotiated plea that provided for probation. When McClain was late to his subsequent sentencing hearing, the trial court found that he had violated the plea agreement and sentenced him to prison. McClain appeals, contending that the trial court violated his plea agreement. We agree and reverse the judgment.

## BACKGROUND

McClain was charged with various offenses after he broke into his ex-girlfriend's apartment while she was present. Pursuant to a negotiated plea, McClain agreed to plead no contest to first degree residential burglary with a person present (Pen. Code,[1] §§ 459, 667.5, subd. (c)(21)), for which he would be sentenced to three months' probation and to a four-year term, execution suspended.

Accordingly, on April 27, 2021, McClain pled no contest to that offense and admitted that another person was present in the residence during the burglary. McClain also signed a plea form in which he agreed that if he failed to appear for sentencing "without a legal excuse" his plea would become an open plea, he would not be allowed to withdraw his plea, and he could be sentenced to the maximum allowed by law. He further agreed that a judge other than the one who had taken his plea would sentence him.[2] McClain was released on his own recognizance and ordered to appear on May 20, 2021, at 8:30 a.m., for sentencing.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The Honorable Emily Cole took McClain's plea, and the Honorable Lisa Chung imposed the sentence.

As of 9:20 a.m. on the day set for sentencing, however, McClain had not appeared. The trial court said that even apart from his failure to appear, it had "independent concerns regarding accepting this plea," given the underlying offenses and number of misdemeanor cases McClain had. Then, when McClain arrived, he explained that he was late because he'd been stuck in traffic and he had a newborn baby, so being "a father and a working man," he "was rushing for time." The trial court found that traffic and having a newborn baby were not "good cause." After denying McClain's request to withdraw his plea,[3] the trial court sentenced him to two years in prison for burglary.

## DISCUSSION

McClain now contends that the trial court erred by finding he violated the terms of his plea agreement by being late to court. We agree.

A negotiated plea agreement is a contract and is interpreted and enforced according to general contract principles. (*Doe v. Harris* (2013) 57 Cal.4th 64, 69; *People v. Shelton* (2006) 37 Cal.4th 759, 767.) A defendant may plead guilty or no contest under a plea agreement and remain out-of-custody under a so-called *Cruz* waiver, which gives a trial court power to withdraw its approval of the plea and impose a sentence in excess of the bargained-for term if the defendant willfully fails to appear for sentencing or engages in prohibited conduct. (*People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 (*Cruz*); see also *People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.) Whether a defendant violated a condition of his release is one of fact that we

---

[3] The trial court did allow McClain to withdraw his admission of another person present during the burglary.

3

review under the substantial evidence test. (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 509.) Notwithstanding this general standard of review, the issue presented here is more one of law, whether the trial court employed the correct legal standard, which we review de novo. (See *Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 397.)

To establish a *Cruz* waiver violation, the evidence must establish that the defendant willfully engaged in prohibited behavior. (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5 ["if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea"].) Here, however, the trial court merely found McClain's excuse for being late did not constitute "good cause." The trial court did not find he was willfully late for sentencing. We might be able to infer such a finding, except the trial court expressed its disinclination to honor the plea agreement *before* it had even heard McClain's explanation for being late to court. The trial court said it did not agree with the negotiated plea and suggested that had the plea been presented to *it*, it would not have accepted the plea based on the underlying offenses and McClain's misdemeanors. We therefore cannot find that the trial court's refusal to honor the plea agreement was grounded in a finding that McClain *willfully* was late to court as opposed to its disagreement with the negotiated plea itself.

And, even under the correct standard, there is insufficient evidence McClain willfully was late to his sentencing hearing. As used in penal statutes, "willful" and "willfully" imply a purpose or willingness to commit the act, that the person knows what he is doing, and intends to do what he is doing. (*People v. Atkins* (2001) 25 Cal.4th 76, 85; § 7(1).) McClain explained that he was

4

late for the 8:30 a.m. hearing due to traffic and that he had a newborn baby. Indeed, that McClain did appear, albeit late,[4] shows that he was not acting willfully. Getting stuck in traffic in Los Angeles does not constitute substantial evidence of willful failure to appear.

Nor are we persuaded that the written waiver form McClain signed obviated any requirement that the trial court make a willfulness finding. The form merely referred to a failure to appear for sentencing "without a legal excuse" but did not use the word "willful." But "legal excuse" is shorthand for a willful failure to appear, per *Cruz*, *supra*, 44 Cal.3d at page 1254, footnote 5.

---

[4] The record does not show when he arrived at court.

## DISPOSITION

The judgment is reversed with the direction to the trial court to impose the negotiated sentence or to allow Tony McClain to withdraw his plea.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

LIPNER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.