Filed 6/21/22  P. v. James CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DALE JAMES,<br><br>Defendant and Appellant. | F083611<br><br>(Kern Super. Ct. No. RF008109A)<br><br>**OPINION** |

-------

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

--------------

[*] Before Hill, P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant Dale James entered into a negotiated disposition and was placed on probation. Thereafter, he violated probation several times, failed to appear, and committed new offenses. He was sentenced to a total term of six years in jail in two separate cases. On appeal in this case, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2019, a felony complaint was filed in the Superior Court of Kern County, case No. RF008109A, charging appellant with count 1, transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)); count 2, possession of methamphetamine for sale (Health and Saf. Code, § 11378); count 3, bringing a controlled substance into jail or prison (Pen. Code, § 4573); and count 4, misdemeanor driving with a suspended or revoked license (Veh. Code, § 14601.1, subd. (a)).[1]

On January 8, 2019, appellant pleaded no contest in case No. RF008109A to count 3, bringing a controlled substance into jail or prison, and count 4, misdemeanor driving with a suspended or revoked license, for an indicated disposition of probation for three years on condition of serving one year in jail, plus dismissal of counts 1 and 2 and two pending misdemeanor cases.

---

[1] The instant appeal (F083661) is from appellant's conviction and sentence in case No. RF008109A. As will be explained below, appellant subsequently entered a plea in another case, case No. RF008607A; he was ultimately sentenced to consecutive terms in both cases, and his separate appeal from No. RF008607A is currently pending before this court (F083664).

While the instant appeal was pending, we granted appellant's request to take judicial notice of the records in his pending appeal in F083664.

**Sentencing Hearing**

On February 5, 2019, the court held the sentencing hearing in case No. RF008109A. Defense counsel advised the court about an opinion that was just published that addressed whether a defendant had the ability to pay fines and fees.[2] Counsel stated that according to the probation report, appellant was disabled and had limited or no assets. The court suggested the probation officer could modify the order for fines and fees upon a showing of hardship. The court declined to address the issue without direct evidence at the sentencing hearing but advised counsel that appellant "can request a formal hearing, or I think the easiest procedure is just to approach that with probation when he contacts them. Because if they find he doesn't have the ability to pay, I believe they have the right … to waive it at that time."

Defense counsel conferred with appellant about whether he wanted to waive an ability-to-pay hearing. Appellant said yes. Counsel said that appellant was "going to waive any type of hearing because he is entitled to that. I will make that clear. He can take this up with probation," and appellant knew he had to report to the probation officer within five business days. There was an off-the-record discussion between appellant and his attorney, and then defense counsel stated: "[W]e went over it. He is entitled to the hearing, and he is going to waive that. I just want to put that on the record."

The court asked appellant if he understood what had been discussed, and appellant said yes.

> "THE COURT: There are going to be some fees here that you owe. They're to be paid through the probation department. I'll be repeating that when I get there. If there's a hardship, when you get to the probation [department], you need to discuss that with them. It's going to be part [of] … their ongoing monitoring of you, and there's going to be a way, I believe, if you need to deal with that correctly. If not, you're welcome to

---

[2] Defense counsel was referring to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) that was published on January 8, 2019.

petition for relief in the future.  But I think we're giving you the easiest way to deal with this along the lines requested by your attorney."

The court found one mitigating circumstance – that appellant pleaded at an early stage; and four aggravating circumstances, based on prior numerous convictions, six prior prison terms, a commitment to the California Youth Authority, and his prior performance on probation and parole was unsatisfactory because he continued to violate and reoffend. In addition, there was an active misdemeanor warrant when he was arrested in this case.

As to count 3, the court suspended imposition of sentence and placed appellant on probation for three years, subject to certain terms and conditions, including serving one year in jail; with a concurrent term of 180 days in jail for count 4.  The court dismissed counts 1 and 2, and two other cases.

The court imposed a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)) and suspended the probation revocation fine in the same amount (Pen. Code, § 1202.44).  It also imposed the court operations assessment of $80 (Pen. Code, § 1465.8) and the criminal conviction assessment of $60 (Gov. Code, § 70373).  The court stated the restitution fine and fees were to be paid "through the probation department subject to their reviewing your ability," and asked appellant if he understood.  Appellant said yes.

**First Probation Violation in Case No. RF008109A**

On February 4, 2020, a hearing was set on a petition that appellant violated probation in case No. RF008109A.  On February 5, 2020, the court revoked appellant's probation.

On February 18, 2020, appellant admitted the probation violation.  The court reinstated him on probation on the original terms and conditions and ordered him to report to the probation officer within five days of being released.

Appellant failed to appear and was out of custody for several months.

4.

**Failures to Appear and New Charges**

On or about October 30, 2020, appellant was arrested and given a notice to appear in case No. RF008109A for violating probation.

On November 25, 2020, appellant failed to appear, and the court issued a no-bail bench warrant for his arrest.

On January 24, 2021, appellant was arrested on the bench warrant. On January 26, 2021, appellant was released from custody.

Also on January 26, 2021, a felony complaint was filed in case No. RF008607A, charging appellant with committing the following offenses on January 24, 2021: count 1, transportation of heroin (Health & Saf. Code, § 11352, subd. (a)); count 2, possession of heroin for sale (Health & Saf. Code, § 11351); count 3, transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), and count 4, possession of methamphetamine for sale (Health & Saf. Code, § 11378).

On February 10, 2021, appellant failed to appear, and the court issued another bench warrant. On March 25, 2021, appellant was returned to court on the warrant, and the court revoked probation.

**Admission of Probation Violation, Plea, and *Cruz* Waivers**

On April 15, 2021, appellant admitted the probation violation in case No. RF008109A, on condition he would serve the upper term of three years, concurrent to the term imposed in case No. RF008607A.

Appellant also pleaded no contest in case No. RF008607A to count 1, transportation of heroin, for the lower term of three years and dismissal of counts 2 through 4.

Appellant was released on his own recognizance subject to waivers in both cases pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 and ordered to report to the probation

5.

department.[3]  The court advised appellant that if he violated the *Cruz* waivers, his sentence in case No. RF008109A would be consecutive to the term in case No. F008607A.

**Failure to Appear**

On May 13, 2021, the court convened the scheduled sentencing hearing in case No. RF008109A.  Appellant failed to appear, and the court issued a bench warrant.  The court noted there was also an active bench warrant for appellant in case No. RF008607A.

On September 8, 2021, appellant was booked into custody.

**Probation Violation and Sentencing Hearing**

On October 21, 2021, the court convened the scheduled sentencing hearing for cases Nos. RF008109A and RF008607A.

Appellant requested a hearing on the probation violation allegation in case No. RF008109A.  Appellant testified that he had multiple medical problems, he was on pain medication for those medical problems, and later had hernia surgery.  Appellant testified he was taking pain medication when he entered the *Cruz* waivers, he did not recall what happened, and he did not understand that he was required to report to the probation office within five days.  Appellant thought he had to return to court in 30 days, but admitted he failed to do so, and that he was out of custody for five months.  Appellant said he did not surrender because he was homeless and trying to find a place for his dog to stay.

Appellant admitted he was arrested in September 2021 because he possessed a pipe.  He was willing to serve four years for the pipe charge, but he had additional

---

[3] "[A] '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing."  (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.)

6.

medical problems and needed surgery, and said it would be a "death sentence" if he was ordered to serve the recommended term of six years.

The prosecutor stated appellant picked up additional charges for repeatedly selling drugs while he was out of custody, he had numerous opportunities to report and straighten out the violation of the *Cruz* waivers, and he failed to do so.

The court found appellant admitted his violation of the *Cruz* waivers, and it "strain[ed] credibility" that he was "spaced out" at the original sentencing hearing because "we would have picked up on that." While appellant claimed he thought he was supposed to return to court in one month, he failed to do so for five months.

The court began with appellant's conviction in case No. RF008607A and sentenced appellant to the upper term of five years for count 1, transportation of heroin (Health & Saf. Code, § 11352, subd. (a)) and imposed certain fines and fees.

In case No. RF008109A, the court revoked probation and sentenced appellant to one year for count 3 (one-third the midterm), bringing a controlled substance into jail or prison, consecutive to the term imposed in case No. RF008607A, for an aggregate term of six years. The sentences in both cases would be served in county jail pursuant to Penal Code section 1170, subdivision (h)(5)(A). The court ordered appellant to pay the $300 probation revocation fine previously suspended in case No. RF008109A.

The court asked the parties if there were any further matters to address, and both parties said no. Appellant did not renew his prior objections to the restitution fine and fees in case No. RF008109A.

On December 2, 2021, appellant filed a timely notice of appeal for cases Nos. RF008109A (F083611) and RF008607A (F083664) and requested and received a certificate of probable cause. The appeals in the two cases have not been consolidated.

## DISCUSSION

The instant appeal is limited to case No. RF008109A, where appellant repeatedly violated probation and was sentenced to one year. As noted above, appellant's counsel

7.

has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on April 15, 2022, we invited appellant to submit additional briefing. He has failed to do so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.