Filed 10/11/23  P. v. Ayyad CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097315 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE005940) |
| v. | |
| YAZID AYYAD, | |
| Defendant and Appellant. | |

Defendant Yazid Ayyad pleaded no contest to reckless driving while evading a peace officer and admitted a prior strike conviction resulting in a sentence of 32 months. The trial court released defendant with a *Cruz* (*People v. Cruz* (1988) 44 Cal.3d 1247) waiver.  After defendant failed to appear for the sentencing hearing the trial court imposed a four-year sentence.  On appeal, defendant argues the court failed to adequately

1

advise him of his rights when it obtained the *Cruz* waiver and the sentence must be reduced to 32 months or he must be allowed to withdraw his plea. We affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

Defendant fled from police after a traffic stop, ran red lights and drove up to 110 miles per hour during an ensuing chase that lasted 24 minutes. The prosecution charged defendant with driving against traffic while evading a peace officer (Veh. Code, § 2800.4), reckless driving while evading a peace officer (Veh. Code, § 2800.2, subd. (a)), false personation (Pen. Code, § 529, subd. (a)(3)); statutory section citations that follow are found in the Penal Code unless otherwise stated), and misdemeanor driving with a suspended license (Veh. Code, § 14601.2, subd. (a)). The prosecution also alleged a prior strike conviction: a 2009 robbery conviction (§ 211).

Defendant pleaded no contest to the reckless driving while evading a peace officer count and admitted the prior strike for a negotiated sentence of 32 months. Defendant wanted to be out of custody before the sentencing hearing to handle "family matters," and defense counsel advised him that "if he doesn't show up on the date he sets right now he will be facing six years state prison." The court explained what would happen next:

"THE COURT: You're going to get released today, sir. [¶] You are ordered to appear here on June 16th, 8:30, in this department. [¶] And so you show up on June 16th and get 32 months' state prison sentence. [¶] If you don't show up, I have the discretion to impose whatever sentence I deem appropriate, and that could be the upper term for the evading charge, which is three years doubled for six. [¶] So if you don't show up, when you get picked up I have the ability to say, you know, it's not 32 months. It's actually going to be six years of state prison. [¶] Do you understand that?

"THE DEFENDANT: Yes. Yes, your Honor.

"THE COURT: You can't say, 'Wait a minute, I withdraw my plea because I thought I was going to get 32 months.'

"THE DEFENDANT: Right."

After advising defendant of his rights in a plea colloquy, defendant entered his no contest plea and admitted the prior strike. The court accepted defendant's plea as "knowing, intelligent and voluntary."

On the scheduled sentencing hearing date, the trial court granted defendant a continuance at his request. Defendant failed to appear for the rescheduled hearing date and the court issued a bench warrant for his arrest. At the sentencing hearing, the trial court imposed a four-year sentence, or the midterm sentence of two years, doubled for the prior strike.

Defendant filed a timely notice of appeal without a certificate of probable cause, but later obtained a certificate from the trial court with this court's leave.

## DISCUSSION

Defendant argues the trial court failed to adequately advise him of his rights. Defendant claims the court did not advise him of his right to withdraw his plea, and defendant thus could not have waived that right. We disagree.

"Under section 1192.5, if a plea agreement is accepted by the prosecution and approved by the court, the defendant 'cannot be sentenced on the plea to a punishment more severe than that specified in the plea . . . .' The statute further provides that if the court subsequently withdraws its approval of the plea agreement, 'the defendant shall be permitted to withdraw his or her plea if he or she desires to do so.' " (*People v. Masloski* (2001) 25 Cal.4th 1212, 1217, fn. omitted.)

In *People v. Cruz, supra*, 44 Cal.3d 1247, the Supreme Court held that a defendant may waive the right to withdraw his guilty plea if he is "fully advised" of that right. (*Id.* at p. 1254, fn. 5.) If a defendant is fully advised of his rights, waives them, and "the

3

defendant willfully fails to appear for sentencing[,] the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term." (*Ibid.*) A *Cruz* waiver must be "obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent." (*Ibid.*)

Once a defendant agrees to a *Cruz* waiver, he is no longer permitted to withdraw the plea if the court decides to impose a greater sentence than the bargained-for term after the defendant fails to appear for sentencing. (*People v. Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5; see also *People v. Masloski*, *supra,* 25 Cal.4th at pp. 1214, 1223.) A *Cruz* waiver thus "gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing. [Citation.]" (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.)

Here, the terms of the *Cruz* waiver were negotiated at the time of the initial acceptance of the plea. The trial court's statements on the record make clear that defense counsel had negotiated a release from custody so defendant could "take care of some family matters" and the court advised defendant that if he failed to show up for the sentencing hearing, he would lose the benefit of the 32-month sentence and the plea would become an open plea. The trial court further advised defendant of the terms of the waiver, saying if he did not show up for the sentencing hearing, the court could impose the maximum available term. The court's statement that, if defendant failed to appear, "You can't say, 'Wait a minute, I withdraw my plea because I thought I was going to get 32 months' " makes clear that defendant would be waiving his right to withdraw his plea if he failed to appear for sentencing. Defendant agreed to both these terms.

We disagree with defendant's contention that the trial court's phrasing implied defendant never had any right to withdraw his plea. The trial court's statement about withdrawing the plea came after two separate statements beginning with the statement "if you don't show up," suggesting that an inability to later withdraw the plea was a term of

4

the waiver.  The statement was also followed by other advisements about defendant's rights and waivers of those rights.  Defendant then entered his plea.  Read in context, the court's statement advised defendant that the waiver of his withdrawal rights was part of the *Cruz* waiver, which defendant had requested be a part of the plea agreement.  When defendant failed to appear for sentencing, the court effectuated the terms of the plea agreement which included the *Cruz* waiver.  (*People v. Masloski, supra*, 25 Cal.4th at pp. 1223-1224.)  We conclude defendant was adequately advised of his right including his right to withdraw his plea, waived them, and then failed to appear for sentencing.  The trial court therefore did not err when it sentenced him consistent with the terms of the plea agreement.

## DISPOSITION

The judgment is affirmed.

_____
HULL, J.

We concur:

_____
EARL, P. J.

_____
ROBIE, J.

5