Filed 6/27/25  P. v. Evans CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JAMES EVANS,<br><br>      Defendant and Appellant. | H052623<br>(Santa Clara County<br>Super. Ct. No. C2316189) |

Defendant James Evans pleaded nolo contendere to assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)) and was sentenced to a low term of two years in prison.[1]  On appeal, Evans's counsel has filed a brief which states the case but raises no issues, asking this court to conduct an independent review under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We advised Evans of his right to submit written argument on his own behalf within 30 days, and he has not done so.  Having independently reviewed the record, we conclude there are no arguable issues on appeal.

---

[1] Unspecified statutory references are to the Penal Code.

# I. *WENDE* REVIEW

In December 2023, officers responded to a reported assault in San Jose.[2] The victim, R.D., had argued with Evans in a homeless encampment. R.D. told officers that Evans had chased him, throwing things and trying to swing at him with a pole. At one point, Evans was across the street from R.D. and threw a knife at him, which landed approximately eight feet away from R.D.

That same month, the Santa Clara County District Attorney charged Evans by information with a count of assault with a deadly weapon (§ 245, subd. (a)(1)) and a misdemeanor count of resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1)). The information further alleged that Evans had two prior convictions that qualified as violent or serious felonies. (§§ 667.5, subd. (c), 1192.7, subd. (c).)

In May 2024, Evans pleaded no contest to a newly added charge of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)) in exchange for two years of formal probation, including one year of county jail. The parties stipulated to a factual basis for the plea without reference to a specific document. Evans agreed to and was released pursuant to a *Cruz* waiver.[3] Evans agreed to appear before the trial court in May and July 2024.

Later that May and then again in June and July, Evans failed to appear before the trial court for sentencing. In September 2024, Evans moved under *People v. Marsden* (1970) 2 Cal.3d 118 to relieve his appointed counsel, and the trial court denied the motion after a hearing.

---

[2] We derive the circumstances of the offense from the preliminary hearing transcript.

[3] "A '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.; *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.)

Thereafter, the trial court sentenced Evans to a low term of two years, given Evans's violation of his *Cruz* waiver, noting further that Evans had recently been arrested for another offense and had failed to appear for several dates with regard to his treatment. The trial court stayed a $300 restitution fine, imposed and suspended a matching parole revocation restitution fine, and waived a court security fee and criminal conviction assessment under *People v. Dueñas* (2019) 30 Cal.App.5th 1157. Evans timely appealed and filed a request for a certificate of probable cause, to which the trial court did not respond.[4]

Having independently reviewed the record under *Wende*, *supra*, 25 Cal.3d 436, we find no arguable issues.

## II. DISPOSITION

The judgment is affirmed.

---

[4] "If a trial court wrongly refuses to issue a certificate[ of probable cause], the defendant may seek a writ of mandate from the appellate court." (*People v. Johnson* (2009) 47 Cal.4th 668, 676.) Evans did not do so.

_____
LIE, J.

WE CONCUR:


_____
GREENWOOD, P. J.



_____
GROVER, J.




*People v. Evans*
H052623