Filed 12/27/24  P. v. Simms CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>MALIK MONTEL SIMMS,<br><br>  Defendant and Appellant. | F087596<br><br>(Super. Ct. Nos. RF009213A,<br>RF009030A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Rex Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*    Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

**INTRODUCTION**

Appellant and defendant Malik Montel Simms (appellant) pleaded no contest to charges in two cases and entered waivers pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247.[1] He failed to appear for sentencing in both cases and bench warrants were issued. When he was returned to custody and sentenced, the court imposed an aggregate term of 11 years for the two cases.

On appeal, appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a letter brief. We will review his contentions and affirm.

**PROCEDURAL BACKGROUND**

**Case No. RF009030A**

On July 26, 2022, a complaint was filed in the Superior Court of Kern County in case No. RF009030A charging appellant with count 1, second degree robbery of Jane Doe on or about December 2, 2021, (Pen. Code,[2] § 212.5, subd. (c)); count 2, infliction of corporal injury resulting in a traumatic condition upon Jane Doe, with whom he was in a dating relationship, on or about December 2, 2021, (§ 273.5, subd. (a)); and count 3, misdemeanor resisting a peace officer and/or an emergency medical technician, on or about December 4, 2021, (§ 148, subd. (a)(1)).

On September 20, 2022, appellant entered into a negotiated disposition and pleaded no contest to count 1, second degree robbery (§ 212.5, subd. (c)) for an indicated disposition of probation for three years on condition of serving one year in county jail, to

---

[1]     "A '*Cruz* waiver' gives a trial court the power to 'withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term,' if the defendant willfully fails to appear for sentencing." (*People v. Puente* (2008) 165 Cal.App.4th 1143, 1146, fn. 3.)

[2]     All further statutory citations are to the Penal Code unless otherwise indicated.

2.

be served concurrently with the sentence already imposed in case No. RM056539A; and dismissal of the other charges in this case pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.[3]

On October 20, 2022, the trial court conducted the sentencing hearing and found three mitigating circumstances: appellant pleaded guilty at an early stage, he had a limited record, and he was under the age of 26 years. The court found aggravating circumstances that he was on juvenile probation when he committed the offense, he had an active misdemeanor warrant at the time of the offense, his prior performance on juvenile probation was unsatisfactory because he continued to violate terms and reoffend, and he engaged in violent conduct and his behavior in the current offenses raised a serious danger to society.

The court suspended sentence and placed appellant on probation for three years on condition of serving one year in county jail, ordered appellant to complete a batterer's treatment program, and imposed a criminal protective order for 10 years with the victim.

## Case No. RF009213A

On May 16, 2023, a complaint was filed in case No. RF009213A charging appellant with count 1, grand theft of a firearm from D.L. on or between May 11 and 12, 2023, (§ 487, subd. (d)(2)); count 2, receiving stolen property belonging to D.L. on or about May 12, 2023, (§ 496, subd. (a)); count 3, felon in possession of a firearm, a .38 caliber pistol, on or about May 12, 2023, (§ 29800, subd. (a)(1)), and count 4, felon in possession of ammunition, on or about May 12, 2023, (§ 30305, subd. (a)(1)), with allegations of one prior strike conviction, one prior serious felony enhancement, and aggravating circumstances. Appellant was released on bail.

---

[3]    "A *Harvey* waiver permits the sentencing court to consider the facts underlying dismissed counts and enhancements when determining the appropriate disposition for the offense or offenses of which the defendant stands convicted." (*People v. Munoz* (2007) 155 Cal.App.4th 160, 167.)

Between June 5 and June 20, 2023, appellant failed to appear, he was returned to custody, again released on bond, and again failed to appear. On June 26, 2023, appellant was returned to custody.

On June 27, 2023, appellant entered into a negotiated disposition in case No. RF009213A and pleaded no contest to counts 1 through 4; admitted one prior strike conviction and one prior serious felony enhancement; and admitted two aggravating circumstances for an indicated second strike sentence of 32 months in prison. Appellant agreed that he would be released on his own recognizance pending sentencing set for July 25, 2023, pursuant to *Cruz*; if he failed to appear or otherwise violated the terms of his release, he would be sentenced to the maximum sentence of 15 years. The court also served appellant with a criminal protective order prohibiting contact with certain people.

**Probation Violation in Case No. RF009030A**

On June 28, 2023, appellant appeared in case No. RF009030A and admitted violating probation based on his new convictions in case No. RF009213A, on condition that he would be sentenced to three years in prison, served concurrently with the sentence to be imposed in the new case.

Appellant was also released on his own recognizance under a *Cruz* waiver, and agreed that if he failed to appear for sentencing, also set for July 25, 2023, he would be sentenced to five years in prison in case No. RF009030A. At the conclusion of the hearing, the trial court asked appellant if he understood the terms of his *Cruz* waiver, and what would happen if he failed to appear for the two cases. Appellant said yes, and that he would "get a max term."

## *CRUZ* VIOLATIONS

On July 25, 2023, appellant failed to appear for sentencing in both cases. Appellant's counsel stated appellant "sen[t] a messenger with the message that he is out of town" and would be able to appear at a later date. Counsel asked for a continuance.

4.

The prosecutor objected. The trial court denied the motion, found appellant committed a "textbook example of a violation of a *Cruz* waiver," and issued bench warrants.

On or about August 10, 2023, appellant was returned to custody.

On August 22, 2023, appellant's counsel gave a proffer as to the reason appellant failed to appear at the scheduled sentencing hearing. Appellant was living in Ridgecrest, and his aunt and her boyfriend picked him up and drove him to Los Angeles for a visit. During that visit, the aunt and the boyfriend argued, and the boyfriend refused to drive appellant back to Ridgecrest for the sentencing hearing. Counsel stated appellant contacted his girlfriend, who delivered the message to counsel at the July 25, 2023 hearing. Appellant returned to Ridgecrest on August 9, 2023, and intended to turn himself in, but was taken into custody on August 10, 2023. Based on this explanation, appellant's counsel asked the court to honor the plea agreement and not impose the maximum sentence of 15 years.

The prosecutor stated he was not "unsympathetic" to appellant's situation but requested briefing or declarations under penalty of perjury as to his reasons for failing to appear. The trial court agreed and ordered appellant's counsel to file appropriate documentation to challenge the *Cruz* violations.

## Sentencing

On November 9, 2023, the trial court convened a hearing for both cases. Appellant's counsel stated appellant was not going to challenge the *Cruz* violations and risk being sentenced to 15 years, but was prepared to admit the violations because the parties agreed to an indicated aggregate sentence of 11 years.

On December 12, 2023, the trial court conducted the sentencing hearing in both cases. First, in case No. RF009213A, appellant withdrew his no contest pleas to counts 2 through 4 and the court granted the People's motion to dismiss those counts, with the parties again agreeing to an indicated aggregate sentence of 11 years instead of the 15-year sentence that he could have received for the *Cruz* violations.

5.

The trial court then sentenced appellant to the second strike aggregate term of 11 years, based on the upper term of three years for count 1, doubled to six years, plus five years for the prior serious felony enhancement.

In case No. RF009030A, the trial court revoked probation and imposed a concurrent midterm of three years. The court personally served appellant with a criminal protective order prohibiting contact with certain people.

On February 8, 2024, appellant filed timely notices of appeal in both cases, and requested and received certificates of probable cause based on the allegations of ineffective assistance, he did not understand the *Cruz* waivers, and he failed to appear because he went to Los Angeles with family and was "stranded" there.

## DISCUSSION

As noted above, appellate counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.

In response to this court's invitation, appellant filed a letter brief and asked this court to address a list of things that were "skipped over or not correctly investigated."

First, appellant stated that he had "gun charges," but a gun was never found in his possession, and he only had ammunition. Appellant further claimed he was arrested for possession of a firearm on May 12, 2023, in case No. RF009213A, but he did not have the gun; police came to his wife's residence looking for a juvenile who also stayed at the house who supposedly had a gun; the police illegally searched the juvenile's room and the entire residence; and they arrested appellant and threatened to "blow [his] f[***]ing head off."

There is no evidence that appellant filed a suppression motion in case No. RF009213A. Moreover, when he entered his pleas to grand theft of a firearm, and felon in possession of a firearm and ammunition, he and his attorney stipulated to a factual basis for the pleas. In any event, the trial court ultimately permitted appellant to

withdraw his pleas to the possession counts as part of the indicated sentence after the *Cruz* violations.

Next, appellant claimed that when he was sentenced on October 20, 2022, in case No. RF009030A, "the case happened when [he] was still a minor and did juvenile time for this [a]lready." At the October 20, 2022 sentencing hearing, the trial court found mitigating circumstances that included he was under the age of 26 years, and aggravating circumstances that he was on juvenile probation when he committed the offense and his prior performance on juvenile probation was unsatisfactory. The court's findings of aggravating and mitigating circumstances did not amount to a finding that he was a juvenile. (See, e.g., § 1170, subd. (b)(6)(B); § 1016.7, subd. (b).) The court never stated he was a juvenile, and there is no evidence that appellant was under the age of 18 years old when he committed the offenses in case No. RF009030A. (Cf. Welf. & Inst. Code, § 602.)

Appellant also asserted that a bench warrant was issued for his arrest on February 9, 2023, but he called the Kern County Superior Court and was informed there were no active warrants for his arrest at that time. This allegation is irrelevant to the instant case. Appellant violated both *Cruz* waivers when he failed to appear at the sentencing hearing on July 25, 2023. After he was remanded into custody, his attorney stated there were good reasons for his failure to appear, and the trial court directed counsel to file appropriate documentation to support his challenge to the violations of the *Cruz* waiver. However, appellant ultimately decided not to risk receiving the full 15-year term for the *Cruz* violations in both cases and admitted the violations for an indicated aggregate sentence of 11 years.

Finally, appellant asserted he was arrested for "GTA [grand theft auto]" on August 10, 2023, but he did not steal a vehicle, and the same juvenile who allegedly had the gun was the person who was actually involved in the theft of a pickup truck. This

7.

argument is also irrelevant because appellant was not charged with theft of a vehicle in either case.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## <u>DISPOSITION</u>

The judgment is affirmed.