Filed 5/1/25  P. v. West CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SCOTT ALLAN WEST, JR.,<br><br>        Defendant and Appellant. | A172939<br><br>(Shasta County<br>Super. Ct. No. 24F2680) |

Defendant Scott Allan West, Jr., appeals from a judgment entered on his plea of no contest.  As part of that plea agreement, West executed a so-called *Cruz* waiver,[1] pursuant to which he was released from custody in exchange for his promise to, among other things, cooperate with probation and appear at sentencing.  After West violated this *Cruz* waiver, the trial court revoked probation and sentenced him to five years in prison.

His counsel asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  West did not exercise his right to file a supplemental

---

[1] *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5 [absent a valid waiver, a court may not reject the plea bargain of a defendant who has pleaded guilty and failed to appear for sentencing, then impose a higher sentence without first giving the defendant the opportunity to withdraw the plea].)

1

brief. We conclude West's appeal must be dismissed because he did not obtain a certificate of probable cause.

## FACTUAL AND PROCEDURAL BACKGROUND

West was charged by felony complaint with second degree robbery. (Pen. Code,[2] § 211.) The complaint also alleged the offense was a serious or violent felony within the meaning of sections 667.5, subdivision (c), and 1192.7, subdivision (c).

West initially pleaded not guilty to the charge. However, he subsequently withdrew this plea and entered a plea of no contest to the charge.[3] At that same time, West executed a *Cruz* waiver as part of his plea deal. West thereby agreed that in exchange for remaining out of custody pending sentencing, he would "[m]ake and keep an appointment with Probation regarding my pre-sentencing investigation report," "[a]ppear in court for sentencing or any other date set by the court," and "[n]ot violate any law . . . between today and the date of sentencing." West stipulated to a five-year prison term—the maximum for his robbery offense—if he violated the *Cruz* waiver.

Prior to taking West's plea, the court confirmed West was able to consult with his attorney and have any questions answered regarding the plea and the *Cruz* waiver. The court also confirmed the scope of the plea and informed West, "[I]f you violate any term of the *Cruz* waiver, I would honor that separate agreement you made with the People and that is to sentence you to a five year stipulated state prison term." (Italics added.) West

[2] All statutory references are to the Penal Code.

[3] The court took West's plea in connection with two other pending cases against West. Accordingly, the plea deal incorporates a no contest plea to one misdemeanor count of resisting arrest, and the remaining charges in the other cases were dismissed.

2

confirmed he understood his rights and the potential consequences. West was released pursuant to the *Cruz* waiver that same day.

Approximately one week later, the probation department informed the court that West "has failed to report to the Probation Department in any manner," and the supervising probation officer "made multiple attempts to contact [West] on his listed telephone number with no success." West also failed to appear at the subsequent sentencing hearing.

The trial court found West in violation of the *Cruz* waiver, and it sentenced West to five years in prison pursuant to the terms of that waiver. West timely appealed.[4]

## DISCUSSION

West's appointed counsel filed a *Wende* brief, which set forth the material facts but did not raise any issues for our consideration. Counsel requested we independently review the record to determine whether there exists any nonfrivolous issue for appeal. (*Wende*, *supra*, 25 Cal.3d 436.) The brief also included a declaration that counsel had written to West, provided a copy of the brief that counsel was filing, and informed West of his right to file a supplemental brief. West did not exercise this right.

We have examined the entire record and are satisfied that West's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d 436.)

West's notice of appeal states it "is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." However, the only postplea actions were in connection with his plea. A *Cruz*

---

[4] On February 24, 2025, this case was fully briefed. On April 10, 2025, the case was transferred by California Supreme Court order from the Third Appellate District (where it had been designated case No. C101654) to the First Appellate District.

3

waiver is considered "an integral part of defendant's plea agreement," and a defendant's challenge to the agreed-upon sentence is "a challenge to the validity of his plea and . . . requires a certificate of probable cause." (*People v. Vargas* (2007) 148 Cal.App.4th 644, 652.)

For example, in *People v. Puente* (2008) 165 Cal.App.4th 1143, 1150, the court explained, "Defendant's challenge to the process by which the court found him in violation of the terms of his *Cruz* waiver is a direct challenge to the validity of his waiver of his rights to be properly charged and convicted. Accordingly, defendant is challenging the validity of his plea and such a challenge requires a certificate of probable cause." (Accord, *People v. Mashburn* (2013) 222 Cal.App.4th 937, 941 ["a defendant generally may not appeal from a judgment of conviction following a guilty or no contest plea, unless he files with the trial court a statement 'showing reasonable, constitutional, jurisdictional, or other grounds going to the legality of the proceedings' (§ 1237.5, subd. (a)), and the trial court executes and files 'a certificate of probable cause for such appeal with the clerk of the court' (§ 1237.5, subd. (b))"].)

"In the absence of full compliance and a certificate of probable cause, the reviewing court may not reach the merits of any issue challenging the validity of the plea, but must order dismissal of the appeal." (*People v. Puente*, *supra*, 165 Cal.App.4th at p.1149, citing *People v. Mendez* (1999) 19 Cal.4th 1084, 1099.) Because West failed to obtain a certificate of probable cause, we lack jurisdiction to consider any issues affecting the validity of the negotiated plea agreement, including the validity of the *Cruz* waiver.

Moreover, we conclude nothing in the appellate record indicates West has any basis to challenge his plea which would not be barred by his failure to obtain a certificate of probable cause. West pleaded no contest to one count

4

of second degree robbery pursuant to the negotiated plea agreement. In doing so, West entered into a *Cruz* waiver in which he agreed that if he failed to report to probation as directed or failed to appear in court, the court would be authorized to impose a five-year prison term. The court thereafter found West in violation of the *Cruz* waiver and imposed the stipulated prison term. The court's decision was consistent with the law, consistent with the negotiated plea deal, and soundly based on the evidence. (*People v. Superior Court (Du)* (1992) 5 Cal.App.4th 822, 831 ["In the absence of . . . a showing [that the sentence was irrational or arbitrary], the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review"]; *People v. Vargas*, *supra*, 148 Cal.App.4th at p. 651 [trial court did not violate defendant's bargained-for rights or due process rights by imposing the upper term sentence when "defendant agreed that the trial court could impose the upper term sentence if defendant violated the terms of the *Cruz* waiver"].)

## DISPOSITION

The appeal is dismissed.


PETROU, J.


WE CONCUR:


FUJISAKI, ACTING P. J.

RODRIGUEZ, J.


A172939
*People v. West*

5